UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ANTRELL VONICQUE BROWN,

           Plaintiff,           Case No. 1:21-cv-541

v.                                        Hon. Hala Y. Jarbou

STATE OF MICHIGAN, et al.,

           Defendants.
_____/

**ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*, VACATING THE COURT'S ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

        This is a civil rights action brought by a state prisoner. Plaintiff commenced this action on April 2, 2021, by filing his complaint with the United States District Court for the Northern District of New York. (ECF No. 1.) That court concluded that venue was not proper in the Northern District of New York and ordered the action transferred to the Western District of Michigan. (ECF No. 10.) After the action transferred to the Western District of Michigan, the magistrate judge issued orders granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 13) and directing Plaintiff to file an amended complaint on the proper form (ECF No. 14). Plaintiff has yet to file an amended complaint. However, on December 30, 2021, Plaintiff filed a notice of interlocutory appeal (ECF No. 15) challenging the Court's order directing him to file an amended complaint on the form. Plaintiff did not pay the $505.00 filing fee for his appeal.

**I.**      **Appeal taken not in good faith**

        Under Federal Rule of Appellate Procedure 24(a)(3), "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma

pauperis, unless . . . the district court . . . certifies that the appeal is not taken in good faith . . . ." *Id.*; *see also* 28 U.S.C. § 1915(a)(3). This Court therefore must decide whether an appeal of this action would be in good faith within the meaning of Rule 24(a)(3) and 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court concludes that Plaintiff's interlocutory appeal would not be taken in good faith, as the order from which he appeals does not fall within the jurisdiction of the court of appeals, because it is neither a final decision, 28 U.S.C. § 1291, nor an appealable interlocutory decision, 28 U.S.C. § 1292. As a consequence, the appeal is frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Because the Court certifies that an appeal would not be taken in good faith, Plaintiff is not eligible to proceed on appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

## II.     Three strikes

More importantly, Plaintiff is prohibited from appealing *in forma pauperis* because he accrued three strikes under § 1915(g) before he filed his complaint in the instant action and was therefore prohibited from proceeding *in forma pauperis*.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).

The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan, California, and New York. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Brown v. Michigan*, No. 2:20-cv-13402 (E.D. Mich. Feb. 26, 2021) (frivolous); *Brown v. Just Detention Int'l*, No. 1:20-cv-469 (W.D. Mich. Aug. 10, 2020) (frivolous); *Brown v. Suppes*, No. 5:16-cv-13725 (E.D. Mich. Dec. 15, 2016) (failure to state a claim).[1] The undersigned has reviewed each of the cases and

---

[1] Between the time when Plaintiff filed his complaint in April 2021 and when he filed his notice of appeal in December 2021, the Ninth Circuit further dismissed Plaintiff's appeal in that court as frivolous. *See Brown v. Totten*, No. 20-56231 (9th Cir. Aug. 19, 2021).

3

confirmed that they were dismissed as malicious, frivolous, or for failure to state a claim. *See Simons v. Washington*, 996 F.3d 350, 352–53 (2021) (holding that it is the court reviewing an *in forma pauperis* application that evaluates which of a prisoner's prior dismissals are categorized as strikes within the three-strikes provision of § 1915(g)). Additionally, Plaintiff has been denied pauper status under the three-strikes rule on at least two occasions. *See Brown v. Michigan*, No. 1:21-cv-849 (W.D. Mich. Dec. 2, 2021); *Brown v. Michigan*, No. 5:21-cv-10531 (E.D. Mich. Sept. 15, 2021).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibited Plaintiff from proceeding *in forma pauperis* in this action from the very outset. Consequently, the Court's June 28, 2021, order (ECF No. 13) granting Plaintiff leave to proceed *in forma pauperis* was improvidently granted and must be vacated. The Court will further deny Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 9).

**III.    Filing fees due**

Because Plaintiff is prohibited from proceeding with his action or appeal *in forma pauperis*, he must pay the requisite filing fees.

Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Plaintiff also has twenty-eight (28) days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $505.00, to the Clerk of this Court.

4

Plaintiff's failure to comply with the order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

Accordingly,

**IT IS ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis* because the Court certifies that Plaintiff has not taken the appeal in good faith.

**IT IS FURTHER ORDERED** that the Court's June 28, 2021, order (ECF No. 13) is **VACATED AS IMPROVIDENTLY GRANTED**, and Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 9) is **DENIED**.  Plaintiff had three strikes at the time he filed his complaint, and he was therefore prohibited from proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that within twenty-eight (28) days hereof, Plaintiff shall pay the $402.00 filing fees for bringing a civil action to the Clerk of this Court.  Plaintiff's failure to comply with this order will result in dismissal of this case without prejudice, and assessment of the $402.00 filing fees.

**IT IS FURTHER ORDERED** that within twenty-eight (28) days hereof, Plaintiff shall pay the $505.00 filing fees for an appeal to the Clerk of this Court.  If Plaintiff fails to pay the filing fee in compliance with this order, the Court of Appeals may dismiss his appeal.

Dated:   January 11, 2022               /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO**:
Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**